[Cite as *Baker v. Gaul*, 2013-Ohio-4287.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| KENNETH L. BAKER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-A-0039** |
| DIANA J. GAUL, et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2009 CV 622.

Judgment: Affirmed.


*William P. Bobulsky*, William P. Bobulsky Co., L.P.A., 1612 East Prospect Road, Ashtabula, OH 44004 (For Plaintiff-Appellant).

*Diana J. Gaul*, pro se, 3911 Woodside Drive, Apt.B., Geneva, OH 44041 (Defendant-Appellee).

*Katherine S. Riedel*, Law Offices of Katherine S. Riedel Co., L.P.A., Jefferson Commercial Park, 1484 State Route 46 North, No. 5, Jefferson, OH 44047 (For Defendant-Appellee Wesley J. Gaul, Jr.)


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Kenneth L. Baker, appeals the judgment of the Ashtabula County Court of Common Pleas finding in favor of appellees, Diana J. Gaul[1] and Wesley J. Gaul, Jr., after a bench trial. On appeal, Baker argues the trial court erred in

finding that, based on the facts and circumstances of this case, the parties operated Kountry Décor, a craft store, as a corporation and not a partnership and, as such, that Wesley was not personally liable for advances Baker made to the corporation. Additionally, the trial court found that because Baker had unclean hands, Baker was not entitled to restitution from Wesley for Baker's contribution of $4,000 toward the purchase of a Cub Cadet tractor.

{¶2} The parties formed an oral partnership for the manufacture and sale of homemade crafts, named Kountry Décor. Each party contributed time and money toward the business. In February 2000, the parties decided to purchase commercial real estate at 22 South Chestnut Street ("Chestnut Property") for the operation of Kountry Décor. This property was deeded one-half to Baker and one-half to Wesley and Diana, who were married at the time. Each party signed the mortgage; the marital home of Wesley and Diana was used as collateral to obtain financing. The Chestnut Property was used as the physical location of the Kountry Décor craft store.

{¶3} On October 26, 2001, the parties incorporated Kountry Décor as Kountry Décor, Inc., an Ohio corporation with its principal office in Jefferson, Ohio.

{¶4} The parties then purchased a second commercial property, located at 12 East Jefferson Street ("Jefferson Property"), which consisted of several rental units. The Jefferson Property was purchased in their individual capacities, deeded one-third to Baker, one-third to Wesley, and one-third to Diana. Wesley and Diana's marital residence was once again used as collateral for the purchase of the Jefferson Property.

---

1. Diana Gaul did not participate in the appellate proceedings. Further, this court notes that Diana failed to file an answer below; however, the trial court recognized that the parties allowed her to proceed pro se at the trial, although she did not testify nor call any witnesses to testify.

Both the Chestnut Property and the Jefferson Property were used to house the parties' businesses, Kountry Décor and Sundown Tanning, and to lease rental apartments.

{¶5} In September 2005, the parties purchased a Cub Cadet tractor with multiple tools and attachments for $23,000. The tractor was financed through GE Money Bank—Baker paid $4,000 toward the tractor, and Wesley paid the remainder. The tractor was titled solely in Wesley's name.

{¶6} It is undisputed that at the inception of their business dealings the parties did not have any written agreement. The parties operated through an oral agreement relative to the purchase, improvements, and management of the real estate and businesses. At trial, Wesley testified that "[t]here was never anything in writing, and I would say things just sort of developed verbally over time and we were all putting money into the business. We were all putting a lot of time into the business."

{¶7} With respect to the transformation of the Kountry Décor business from a partnership into an S Corporation, the Articles of Incorporation were filed on October 26, 2001. All three parties signed as incorporators, and from 2001 through 2007 tax returns were filed for Kountry Décor, Inc., which resulted in IRS Form K-1's for corporate losses.

{¶8} The testimony revealed that the S Corporation that was formed included the business of Kountry Décor, Inc., as well as the tanning business. Baker testified that it was upon the advice of the parties' accountant that they decided to "get an S corporation." Baker stated that Kountry Décor was incorporated to "protect us from liability in case something should happen." "If someone should get hurt or fall on the steps or anything like that."

3

{¶9}   Wesley filed for divorce in September 2006.  Prior to the issue of a final divorce decree, Wesley quit-claimed his interest in both the Chestnut and Jefferson Properties to Diana.  Wesley did not receive any compensation.  Wesley was awarded the tractor in the domestic proceedings.  Baker then removed the tractor from Wesley's residence without permission and kept the tractor from Wesley for approximately 16 months.

{¶10}  Baker filed a complaint against Wesley and Diana seeking reimbursement of the $4,000 advanced for the purchase of the tractor, as well as reimbursement for expenses advanced to Kountry Décor in the amount of approximately $130,000.  Baker also sought reimbursement of $11,279.17, alleging that the partnership advanced this sum to Wesley and Diana, but the partnership was never reimbursed.  These advances were made after the incorporation of Kountry Décor, Inc., in 2001.  In his complaint, Baker alleged that the partnership agreement of the parties was oral and provided that each of the partners were to equally share partnership income and financial obligations.

{¶11}  Wesley filed a counterclaim against Baker in the amount of $23,217, the value of the tractor, alleging that Baker wrongfully took possession of the tractor and it remained in Baker's possession.  Wesley also filed a cross-claim against Diana alleging that his damages, if any, were caused by the sole and exclusive conduct of Diana.  Wesley sought contribution from Diana for any damages incurred.

{¶12}  A bench trial was held.  At trial, Baker argued that the parties formed a partnership to participate in the acquisition of property, including the Chestnut and Jefferson Properties.  It was undisputed that the parties did not have a written partnership agreement; Baker maintained that the partnership agreement was an oral

4

agreement. It was also undisputed that the parties formed an S Corporation in 2001. The parties disputed whether a partnership existed after the incorporation in 2001.

{¶13} The trial court heard testimony regarding the business dealings of the parties spanning from 1998 through 2007. As the trial court acknowledged, this case was "very fact specific." In its judgment entry, the trial court held the following:

> After a review of the facts presented in this case, it is clear that Kountry Décor operated as a corporation rather than a partnership. It is undisputed that the parties initially conducted business pursuant to an oral partnership agreement. It is further undisputed that the parties shared in the profit of Kountry Décor and contributed varying amounts of time and money. However, in 2001, Baker and Wesley and Diana Gaul made the decision to incorporate Kountry Décor, and from this point forward, the Company ceased to operate as a partnership.
>
> Factoring most heavily in the conclusion that Kountry Décor was operated as a corporation is the fact that, from 2001 through 2007, all parties enthusiastically availed themselves of the abundant corporate tax benefits. It would be fundamentally unjust to permit Baker to receive the liability and tax benefits of incorporation, but then treat the business as a partnership when it best suits its interests.

{¶14} With respect to the tractor, the trial court found that Baker was barred as a matter of law from seeking reimbursement, finding that Baker had unclean hands, as Baker denied Wesley access to the tractor for over one year.

{¶15} Baker filed a notice of appeal and asserts the following errors:

> [1.] The trial court erred in its determination that the parties cancelled and dissolved their oral partnership agreement by the formation of a Subchapter S close corporation.
>
> [2.] The trial court erred in holding that Plaintiff-Appellant was barred as a matter of law from asserting claims for reimbursement where Plaintiff-Appellant paid the sum of $4,000 towards the purchase of a tractor, when the tractor was sold and the Plaintiff-Appellant was never reimbursed.

5

{**¶16**} Under his first assigned error, Baker argues the trial court erred in finding that the parties' oral partnership agreement ceased after the parties formed a Subchapter S close corporation in 2001. Baker maintains that the parties and the trial court acknowledged the existence of an oral partnership, and the formation of the Subchapter S close corporation neither negated the understanding of the parties relative to the existence of the partnership nor dissolved the partnership. Furthermore, Baker argues there is no evidence of the dissolution of the partnership, as the parties did not dissolve or cancel the partnership after the formation of the corporation pursuant to the applicable statutory provisions. And, because the partnership never ceased to exist, Baker was entitled to reimbursement of the monies he advanced to pay the partnership debts.

{**¶17**} Conversely, Wesley asserts the record supports the trial court's finding that the incorporation of Kountry Décor did not create a separate entity, but replaced the initial partnership. Wesley supports this argument by pointing to Baker's lack of evidence that the partnership continued to exist separate from the corporation, e.g., no partnership tax returns were filed and the oral partnership agreement was not modified. Additionally, Wesley notes that Baker may have claims for reimbursement of his contributions from the *corporation*, but not from Wesley personally. *See*, *e.g.*, *Koch v. Lind*, 121 Ohio App.3d 43, 49 (10th Dist.1997) ("[t]he 'avoidance of personal liability is a proper purpose for creating a corporation'").

{**¶18**} There is no dispute that when the parties began operating Kountry Décor, an oral partnership agreement existed. The issue is whether the partnership remained in existence after the parties incorporated as Kountry Décor, Inc in 2001.

{¶19} A partnership is "an association of two or more persons to carry on as co-owners of a business for profit[.]" R.C. 1775.05(A). "'Since every business relationship is unique, no single fact or circumstance can operate as a conclusive test for the existence of a partnership,' particularly when the parties have dealt casually with each other." *Estate of Theodore T. Ivanchak*, 169 Ohio App.3d 140, 2006-Ohio-5175, ¶21 (11th Dist.).

> {¶20} 'The receipt by a person of a share of profits of a business is prima-facie evidence that he is a partner in the business[.]' Other, non-exclusive factors a court may consider include: the existence of a written or oral partnership agreement; the joint ownership and control of property; the ability of member to bind the business entity; and the nature of the tax returns filed by the business entity. A court can properly find a partnership exists from evidence that there has been a sharing of net profits from a continuing business operated by two or more persons, where each is capable of binding the business entity.

*Id.* at ¶22, quoting R.C. 1775.06(D).

{¶21} The trial court heard testimony regarding the business dealings of the parties spanning nearly ten years. The question of whether a partnership continues or ceases to exist rests upon the actions of the parties and the specific facts of each case. This court has recognized that "once there is a finding and there is some credible evidence to support the trial court's ruling, this court has no authority to introduce its Monday-morning-quarterback skills into [a] particular dispute. The call has been made, and it must be respected." *Id.* at ¶24.

{¶22} Here, the advancements for which Baker seeks reimbursement were made after the 2001 incorporation of Kountry Décor. In finding that the partnership ceased after incorporation, the trial court cited to the following actions of the parties: the parties filed corporate tax returns from 2001 through 2007, receiving tax benefits of the

7

mortgage interests from the commercial property as well as from the corporate losses; the parties filed incorporation documents instead of a partnership agreement; and the parties managed the Jefferson Property as Kountry Décor, Inc., despite purchasing the building in their individual capacities.

{¶23} Moreover, both Wesley and Baker testified that the corporation included the business referred to as Kountry Décor, the tanning business, the commercial properties, and the rental operations in the two buildings.

{¶24} Baker's first assignment of error is without merit.

{¶25} Under his second assigned error, Baker argues the trial court erred in denying his claim for reimbursement of $4,000 paid toward the acquisition of the tractor. The trial court found that Baker was barred as a matter of law from asserting the equitable remedy of restitution based upon the doctrine of unclean hands. The trial court recognized that Baker admitted to taking possession of the tractor from Wesley, without Wesley's permission, and denying Wesley access to the tractor for over one year. Further, during the time Baker denied Wesley access to the tractor, Wesley made monthly payments on the tractor. Baker admitted that he took the tractor without Wesley's permission after he became aware that Wesley was awarded the tractor in a separate domestic proceeding.

{¶26} Here, the testimony is uncontroverted that Baker engaged in the aforementioned activity with respect to the tractor. Baker did not come into court with "clean hands." He took the tractor without permission and denied Wesley access to the tractor for over one year, while Wesley continued to make the monthly payments. *See Marinaro v. Major Indoor Soccer League*, 81 Ohio App.3d 42, 45 (9th Dist.1991) ("the

8

plaintiff must not be guilty of reprehensible conduct with respect to the subject matter of the suit").

{¶27} Although the testimony of the parties conflicted on many issues, there is ample evidence in the record that, if believed by the trial court, support the trial court's findings of fact. The trial court is in the best position to make those findings, which will not be disturbed here.

{¶28} Based on the foregoing, Baker's first and second assignments of error are without merit.

{¶29} The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.